UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ASHLEY JENISE EDWARDS WHIGHAM,

                        Plaintiff,

     -vs-                      **No. 1:15-CV-01016 (MAT)**
                                       **DECISION AND ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                        Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Ashley Jenise Edwards Whigham ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] (the "Commissioner" or "Defendant") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for SSI on August 27, 2012, alleging disability as of January 26, 2011. Administrative Transcript ("T.") 66, 142. Plaintiff's application was initially denied. T. 67-74. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Grenville W. Harrop, Jr. on March 27, 2014. T. 26-54. On July 23, 2014, ALJ Harrop issued a decision in which he found that Plaintiff was not disabled as defined in the Act. T. 6-21. On October 1, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-3. This action followed.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 27, 2012, the date of her application. T. 11. At step two, the ALJ found that Plaintiff suffered from the severe impairments of cervical and lumbar disc herniation, carpal tunnel syndrome, and obesity, and the non-severe impairments of asthma, anxiety disorder, depressive disorder, and history of drug addiction and alcoholism. T. 11-14. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 15.

2

The ALJ particularly considered Listings 1.04 (disorders of the spine) and 11.00 (Neurological) in reaching this determination. *Id*.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following specific limitations: is able to follow simple instructions and directions; can perform simple tasks independently; can maintain attention and concentration; can maintain a regular schedule; can learn new tasks, make appropriate decisions, and appropriately deal with stress; is mildly impaired in performing complex tasks independently and relating adequately with others; has "a mild to moderate limitation for routine activities"; should avoid bending, lifting, carrying, and kneeling; should avoid chemicals and other irritants due to asthma attacks; can occasional use hands and wrists. T. 15. At step four, the ALJ found that Plaintiff had no past relevant work. T. 20. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id*. Accordingly, the ALJ found Plaintiff not disabled. T. 21.

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff makes the following arguments in support of his motion for judgment on the pleadings: (1) the ALJ's RFC finding was impermissibly vague; and (2) the ALJ's conclusion that Plaintiff was capable of using her hands and wrists occasionally was not supported by substantial evidence. For the reasons set

forth below, the Court finds that remand of this matter for further administrative proceedings is necessary.

**B.   The ALJ's RFC Finding was Impermissibly Vague**

As set forth above, the ALJ included in his RFC determination a finding that Plaintiff had a "mild to moderate limitation for routine activities." T. 15. The Court agrees with Plaintiff that this RFC determination is impermissibly vague and thus constitutes legal error.

In ascertaining a claimant's RFC, an ALJ is obliged to "'identify [the claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis.'" *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting SSR 96-8p). Although the Second Circuit has declined to adopt a *per se* rule requiring remand where the ALJ fails to fulfill this duty, it has recognized that remand is appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id*. at 177.

In this case, the Court finds that the inadequacies in the ALJ's analysis frustrate meaningful review. The ALJ's decision offers no insight as to what he meant by "routine activities," a phrase that, as Plaintiff points out, is susceptible of numerous interpretations. Without any further information about what

5

activities the ALJ defined as "routine," this Court is wholly unable to ascertain whether the RFC determination is supported by substantial evidence, because it does not know what activities the ALJ found a mild to moderate limitation in. Accordingly, remand is required. *See, e.g., Jeffords v. Astrue*, No. 11-CV-620S, 2012 WL 3860800, at *7 (W.D.N.Y. Sept. 5, 2012) (remand is necessary where the Court cannot evaluate whether the ALJ's decision was supported by substantial evidence).

The Court is not persuaded by the Commissioner's argument that the meaning of "routine activities" can be ascertained by reference to the opinion of consultative examiner Dr. Hongbiao Liu. Dr. Liu did indeed furnish a medical statement in which he opined that Plaintiff had a "mild to moderate limitation for her routine activities." T. 236. However, and as the Commissioner acknowledges, this is not the language used by the ALJ in his RFC determination - the ALJ did not state that Plaintiff had a mild to moderate limitation in "her routine activities," he stated that she had a mild to moderate limitation in routine activities in general. This Court is not prepared to insert additional qualifications into the ALJ's RFC finding in order to remedy its deficiencies.

Moreover, the Commissioner's argument ignores the fact that Dr. Liu's opinion also does not clearly define what is meant by "routine activities." Plaintiff reported to Dr. Liu that she cooked, cleaned her house with help, showered, dressed herself, watched television, and listened to the radio on a regular basis. T. 234. These are the only "routine activities" that seem to be

set forth in Dr. Liu's opinion, but the ALJ's RFC finding certainly does not indicate that Plaintiff has moderate limitations in activities as simple as dressing herself or taking a shower, nor could the vocational expert reasonably have gleaned that from the hypothetical posed by the ALJ.

In short, the Court finds that the ALJ's decision, even when considered in light of Dr. Liu's opinion, is so vague as to not permit meaningful review by the Court. Accordingly, remand is required.

### C. The ALJ's Conclusion that Plaintiff can Occasionally Use her Hands and Wrists is not Supported by Substantial Evidence

Plaintiff also argues that remand is required because there was no medical opinion evidence to support the conclusion that Plaintiff was capable of occasionally using her hands and wrists. Again, the Court agrees.

It is well-settled that "[a]n ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion." *Goldthrite v. Astrue*, 535 F.Supp.2d. 329, 339 (W.D.N.Y. 2008). "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (internal citation omitted). Accordingly, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional

7

impairments and do not relate those diagnoses to specific residual functional capabilities," it is not permissible for the Commissioner to "make the connection h[er]self." *Id.* (internal citation omitted); *see also Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination.").

"[U]nder certain circumstances, particularly where the medical evidence shows relatively minor physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21. However, an ALJ may not make such a "common sense judgment" where there are "complex medical findings" and Plaintiff has "ha[s] multiple severe physical impairments." *Urban v. Berryhill*, No. 16-CV-76-FPG, 2017 WL 1289587, at *3 (W.D.N.Y. Apr. 7, 2017).

In this case, the last medical opinion of record was issued in March 2012. However, in February 2013, a nerve conduction study revealed that Plaintiff had moderate bilateral carpal tunnel syndrom and mild to moderate bilateral ulnar tunnel syndrom. T. 494. The Commissioner acknowledges that the nerve conduction study "did not explain how these impairments would affect Plaintiff's functioning." Docket No. 12-1 at 12. The Commissioner nevertheless argues that the ALJ was permitted to conclude, based on physical exam results after the onset of these impairments, that

8

Plaintiff could "occasionally" use her hands and wrists. This is precisely the sort of attempt by the ALJ to substitute his medical opinion that the relevant case law has routinely found impermissible.

The Court finds that the lack of evidence regarding the impact of Plaintiff's carpal tunnel syndrome and ulnar tunnel syndrome on her ability to use her hands and wrists warrants remand. On remand, the ALJ is instructed to further develop the record regarding these impairments and any associated functional limitations.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 7) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 12) is denied. In light of the fact that Plaintiff initially filed her application in 2012 (nearly six years ago), on remand, the Commissioner is instructed to consider Plaintiff's claims on an expedited basis, to be completed no later than October 31, 2018. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          s/Michael A. Telesca
                                      HON. MICHAEL A. TELESCA
                                      United States District Judge

Dated:    February 15, 2018
            Rochester, New York.